FANFARE FILMS, INC. *v.* MOTION PICTURE
CENSOR BOARD OF STATE OF MARYLAND

[No. 201, September Term, 1963.]

*Decided March 4, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*Joseph S. Kaufman,* with whom was *C. Morton Goldstein* on the brief, for the appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General of Maryland,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Fanfare Films, Inc., was ordered by the Maryland State Board of Censors of motion pictures (the Board) to delete from the film entitled "Have Figure—Will Travel" certain scenes showing girls unclothed while cruising on a boat. It took an appeal to the Baltimore City Court, which affirmed the order of the Board. In its appeal to this Court, Fanfare argues that the Maryland censorship act, Code (1957), Art. 66A, violates the First Amendment to the Constitution of the United States (as made binding on the State by the Fourteenth Amendment) and Article 40 of the Maryland Declaration of Rights, and that the scenes ordered cut from the picture are not obscene, as the Board found.

"Have Figure—Will Travel" is in form a travelogue portraying the story of three girls, two of whom are confirmed nudists, who take a vacation cruise through the inland waterways from upper New York to Florida on a cabin cruiser belonging to the father of one of the girls. Scenes are shown during stops at New York City and Charleston and at nudist camps in New Jersey and Florida. The third girl becomes a convert to nudism as the trip—and the film—progresses. The Board passed the scenes in the nudist camps, in which there were both unclothed men and women, but it disapproved the scenes of the girls on the boat, unclothed above the waist.

It is conceded that no sexual activity or awareness was presented and that while on the boat the girls were seen unclothed only by each other. The Chairman of the Board said that the photography was very good, the dialogue was unobjectionable, and the picture had artistic value. The Board took the position that if the picture contained only scenes of nudity within the nudist camps it would have been licensed without deletions, but that while nudity in the camps was not obscene, it was on the boat because in that locale it was not a normal way of life, normal people would not so comport themselves and there was no reason for its portrayal except to arouse sexual desires in the viewers.

Fanfare's contentions as to the unconstitutionality of censorship of motion pictures, as such, must be rejected under our

recent decision in *Freedman v. State,* 233 Md. 498, which held, in reliance on *Times Film Corp. v. Chicago,* 365 U. S. 43, that the provisions and requirements of Code (1957), Art. 66A, were not void on their face as unconstitutional infringements upon the right of free speech and publication either under the Federal or State Constitution.

Upon review of the application of the Maryland censorship law to the picture "Have Figure—Will Travel," we conclude that the deletion by the Board of the scenes showing the girls unclothed on the boat was unwarranted. In *Bd. of Censors v. Times Film,* 212 Md. 454, the Board decided that the showing of "nude people" in the moving picture called the "Naked Amazon" was calculated to arouse the sexual desires of a substantial number of viewers and it therefore banned pictures of nudity therein as obscene, within the meaning of Code (1957), Art. 66A, Sec. 6. This Court held the opinion and action of the Board were not sound and could not be upheld, inasmuch as the established law was that nudity is not necessarily obscene or lewd. There is nothing to indicate that it was in the case before us. In *Monfred v. State,* 226 Md. 312, in discussing pictures in magazines of unclothed females in poses which might generally be thought to be offensive, we said they were not necessarily obscene under a statute which made it a crime to knowingly sell "any lewd, obscene or indecent book, magazine * * * drawing or photograph." Of other similar pictures it was there observed (p. 317) : "but the pictures, even though obviously intended to arouse sex appeal, are not strictly obscene." We think the Maryland *Times Film* and *Monfred* cases are controlling and require reversal of the order of the Baltimore City Court which affirmed the action of the Board in deleting the scenes on the boat.

*Order reversed, with costs.*